IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden,<br><br>                Plaintiff,<br><br>vs.<br><br>S. B. Lewis, *Associate Warden*;<br>Frank Mursier, *Major McCI*;<br>L. Carteledge, *Warden at McCI McCormick Correctional Institution*,<br><br>                Defendants. | C/A No. 0:12-1627-DCN-PJG<br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Jerome McFadden, ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**BACKGROUND**

Plaintiff is an inmate at the McCormick Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against the Associate Warden, a Major, and the Warden of the McCormick Correctional Institution.

The "STATEMENT OF CLAIM" portion of the § 1983 Complaint reveals that this civil rights action arises out of Plaintiff's transfer to McCormick Correctional Institution, his placement in administrative segregation, the loss of a prison job, and verbal harassment by correctional officials and guards. In his prayer for relief, Plaintiff seeks a declaratory judgment that his rights were violated, a preliminary injunction prohibiting the defendants and their successors in office from denying Plaintiff his rights or from retaliating against

Plaintiff, compensatory damages, and punitive damages. In a separately-filed motion (ECF No. 3), Plaintiff seeks a temporary restraining order.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291, 1295-96 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

*PJG*

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Plaintiff's allegations relating to his transfer to the McCormick Correctional Institution and his placement in administrative segregation do not state a claim for a violation of his civil rights. See Olim v. Wakinekona, 461 U.S. 238, 244-46 (1983); Lyons v. Clark, 694

F. Supp. 184, 187 (E.D. Va. 1988) (collecting cases), *aff'd*, 887 F.2d 1080 (4th Cir. 1989) (Table). The placement and assignment of inmates or detainees into particular institutions or units by state or federal corrections departments or detention centers are discretionary functions, and are not subject to review *unless* state or federal law places limitations on official discretion. Hayes v. Thompson, 726 F.2d 1015, 1016-17 & n.1 (4th Cir. 1984) (collecting cases); cf. McKune v. Lile, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); Allgood v. Morris, 724 F.2d 1098, 1101 (4th Cir. 1984) (finding no equal protection violation in protective segregation "where the differences in treatment among prisoners in protective segregation and in the general population ha[d] a substantial, rational basis in the legitimate state interest of prison security"); In re Long Term Admin. Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471-72 (4th Cir. 1999) (placement in long-term segregation for valid prison security purpose does not violate Equal Protection or Eighth Amendment rights).

> The use of administrative segregation, or "lock-up," is an acceptable form of confinement or discipline, within the discretion of prison officials, absent "explicitly mandatory language" in the state law which limits the discretion of the prison officials or prohibits the use of administrative segregation. An inmate has no liberty interest in remaining in the general prison population because administrative segregation is "the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Segregation is one of the conditions of confinement typically contemplated when a person receives a prison sentence; therefore, it is neither cruel and unusual, nor is it a violation of due process.

Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992) (internal citations and quotation marks omitted). It is well-settled that an inmate does not have a justiciable interest in being incarcerated in one institution rather than another. See Meachum v. Fano, 427 U.S. 215, 223-25 (1976) (state inmate does not have a "liberty" interest, within the meaning of the

Due Process Clause of the Fourteenth Amendment, in being incarcerated in any particular institution within a state prison system, or in not being transferred from one institution to another within a state prison system). Furthermore, prison officials are given broad administrative discretion in management of confinement of inmates, and no due process liberty interest is implicated in their decisions to transfer or not transfer prisoners to other institutions so long as conditions or degree of confinement to which prisoner is subjected is within the sentence imposed and does not otherwise violate the Constitution. See O'Bar v. Pinion, 953 F.2d 74, 83 (4th Cir. 1991) ("Changes in prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges are matters contemplated within the scope of his original sentence to prison.").

Similarly, the alleged verbal threats allegedly made against Plaintiff by officials and guards are not actionable. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (mere words, even verbal harassment, abuse and threats, without more, are not sufficient to state a constitutional deprivation under § 1983 or the Bivens doctrine) cited in Henslee v. Lewis, 153 F. App'x 178, 180 (4th Cir. 2005) ("As to Henslee's claim that a jail employee incited other inmates to attack him, Henslee did not contend that any inmates in fact attacked him. Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."); Ajaj v. United States, 479 F. Supp. 2d 501, 538 n.16 (D.S.C. 2007) ("To the extent Plaintiff is, in addition to physical abuse, also complaining about verbal harassment or taunting, even if there was evidence to support such a claim, no constitutional violation has been shown."); Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,'

does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."); Sluys v. Gribetz, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994) ("The use of vile and abusive language is never a basis for a civil rights action."), *aff'd*, 41 F.3d 1503 (2d Cir. 1994) (Table).

Plaintiff's allegations regarding the loss of a prison job (in 2002 or 2003) also do not rise to the level of a constitutional violation. See Williams v. Ozmint, C/A No. 8:07-3723-PMD-BHH, 2009 WL 2828026, at *8 (D.S.C. Sept. 1, 2009) ("Moreover, prisoners have no constitutional right to a prison job."); see also Harris v. Murray, 761 F. Supp. 409 (E.D. Va. 1990) ("[T]here is no constitutional right to an institutional job or, in fact, to rehabilitation at all."). In any event, the face of the Complaint shows that this claim is untimely. See Wilson v. Garcia, 471 U.S. 261, 265-80 (1985) (in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries). South Carolina's applicable personal injury statute of limitations is codified at S.C. Code Ann. § 15-3-530, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988.

Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) should be denied because he has not met the requirements of Federal Rule of Civil Procedure 65(b). In any event, Plaintiff has failed to establish that he is entitled to the relief he seeks. "Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir. 1980). Such relief regarding the administration of a state prison should be granted only in compelling circumstances. See Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994). Moreover, the United States Court of Appeals for the Fourth Circuit has long recognized the "wide ranging deference" that the judiciary must show prison administrators with regard to matters within their discretion. See Wetzel, 635 F.2d at 288 (discussing the

complexities of running a penal institution and the reluctance of federal courts to interfere in the problems of prison administration).

A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in part, 607 F.3d 355 (4th Cir. 2010), overruling Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977).[2] A plaintiff must make a *clear showing* that he is likely to succeed on the merits of his claim. Winter, 129 S. Ct. at 376; Real Truth, 575 F.3d at 345-46. Similarly, he must make a *clear showing* that he is likely to be irreparably harmed absent injunctive relief. Winter, 555 U.S. at 20-22; Real Truth, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. See Real Truth, 575 F.3d at 346-47.[3] Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. Real Truth, 575 F.3d at 347 (quoting Winter, 555 U.S. at 24).

Based on the record currently before the court, Plaintiff has not satisfied these required elements and has failed to demonstrate that these circumstances warrant the

---

[2] The portions of Real Truth that were reissued by the United States Court of Appeals for the Fourth Circuit are Parts I and II found at 575 F.3d at 345-47, which are the sections addressing injunctions that are relied upon in the court's Report and Recommendation.

[3] Based on Winter, the Real Truth Court expressly rejected and overruled Blackwelder's sliding scale approach, which allowed a plaintiff to obtain an injunction with a strong showing of a probability of success even if he demonstrated only a possibility of irreparable harm. Real Truth, 575 F.3d at 347; Winter, 555 U.S. at 22.

extraordinary remedy he seeks. Accordingly, the court recommends that Plaintiff's motion (ECF No. 3) be denied

## RECOMMENDATION

Accordingly, the court recommends that the above-captioned case be summarily dismissed without prejudice and without service of process. The court further recommends that Plaintiff's motion for a temporary restraining order be denied. (ECF No. 3.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 13, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).