IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden, ) | Civil Action No. 0:12-1627-MGL |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| S.B. Lewis, Associate Warden, ) | |
| Frank Mursier, Major McCl; ) | |
| L. Carteledge, Warden at McCl ) | |
| McCormick Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jerome McFadden ("Plaintiff") is a state prisoner at the McCormick Correctional Institution of the South Carolina Department of Corrections. On June 14, 2012, Plaintiff, proceeding pro se filed this civil action against S.B. Lewis, Frank Mursier, and L. Carteledge ("Defendants") complaining about his transfer to McCormick Correctional Institution, his placement in administrative segregation, the loss of a prison job, and verbal harassment by correctional officers and guards. (ECF No. 1.) Plaintiff seeks a declaratory judgment declaring that Defendants' conduct violated his constitutional rights, a preliminary and permanent injunction prohibiting Defendants and their successors from denying his rights or retaliating against Plaintiff for filing this lawsuit, and compensatory and punitive damages. Plaintiff also filed a separate motion for a temporary restraining order. (ECF No. 3.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 16, 2012, Magistrate Judge Gossett issued a Report and Recommendation recommending *inter alia* that the court dismiss Plaintiff's complaint without prejudice and without service of process and further recommending that the motion for temporary restraining order be denied. (ECF No. 16 at 8.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff objected to the Magistrate Judge's recommendation to this court on July 26, 2012 ("Objections"). (ECF No. 22.) After conducting a de novo review of the objections made, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that this matter should be dismissed without prejudice and without service of process. The court further agrees that the Plaintiff's motion for a temporary restraining order should be denied. The court will attempt to address each objection to the extent the objections relate to a specific portion of the Report and Recommendation.

**OBJECTIONS**

First, the court acknowledges Plaintiff's initial concern regarding the assignment of district judges in this case made in both his objections to the Report and Recommendation and in a July 30, 2012 letter to the court. (ECF No. 22 & 23.) The court assures Plaintiff that the assignment to the undersigned is documented correctly in the Clerk's office and any references to "DCN" as the assigned judge is merely a scrivener's error associated with the reassignment of judges to this case. Secondly, Plaintiff takes issue with the Magistrate Judge's recitation of the facts in the Report and

Recommendation, particularly in the "Background" section of the Report and Recommendation. (ECF No. 22 at 2.) The court finds that the Magistrate Judge has merely highlighted the most pertinent facts relevant to this analysis and any alleged omitted facts simply do not change the well-reasoned analysis.

Next, the court considers Plaintiff's objection related to his motion for a temporary restraining order and injunctive relief concerning his "First Amendment Right to Practice his Religious Beliefs" as a Muslim. (ECF No. 22 at 7.) These allegations were not made in either the complaint or the motion for temporary restraining order and therefore were not before the Magistrate Judge when reviewing this case. Based on the allegations made in the first instance in the Objections to the Report and Recommendation, Plaintiff has not stated a claim under the First Amendment concerning a violation of his rights to practice his religion beliefs because Plaintiff did not make any factual allegations against any specific correctional officials or guards. Further, these allegations were not properly pled before this court. (ECF No. 22 at 7.) To the extent, Plaintiff believes he has a claim for a violation of his First Amendment right to practice his religious beliefs, he is certainly entitled to pursue his administrative remedies and then file appropriate lawsuit to that end.

Finally, the court finds that the Magistrate Judge correctly applied the relevant and applicable standards and case law to the analysis of the merits of Plaintiff's claims and review of the complaint. The court further finds that the Magistrate Judge issued a Report and Recommendation which was both fair and impartial. As the Magistrate Judge correctly noted, Plaintiff's allegations concerning his transfer to another institution, mere threats and verbal harassment, administrative segregation, and loss of a prison job in 2002 or 2003 do not state a claim for a civil rights violation. Contrary

to Plaintiff's assertions and as articulated through the case law cited in the Report and Recommendation, the complained of actions do not involve the sort of "liberty interests which are protected by the Due Process Clause." *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 483 (1995) (holding that putting an inmate in segregated confinement does not violate inmate's constitutional rights because it did not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."). The remainder of Plaintiff's objections are not directed to specific portions of the Report and Recommendation, rather, they are general and conclusory. This court has reviewed the objections and finds that they are without merit.

## CONCLUSION

After a careful review of the record, the applicable law, and the Report and Recommendation and Objections, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference. Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) is DENIED and the instant action is DISMISSED without prejudice and without service of process in accordance with the Report and Recommendation issued in this case. (ECF No. 16.).

**IT IS SO ORDERED**.

                                                s/Mary G. Lewis  
                                                United States District Judge

November 7, 2012  
Spartanburg, South Carolina