### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden,                                )  | Civil Action No.: 0:12-1627-MGL |
|                                                 )  | |
|                         Plaintiff,              )  | |
|                                                 )  | |
|                v.                               )  | |
|                                                 )  | **ORDER** |
|                                                 )  | |
| S.B. Lewis, *et al.*,                           )  | |
|                                                 )  | |
|                         Defendants.             )  | |
| _____             )  | |

Plaintiff Jerome McFadden ("Plaintiff"), proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 alleging retaliation by staff at McCormick Correctional Institution for his filing of a prior, unsuccessful § 1983 action. (Doc. # 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling and a Report and Recommendation ("Report"). The Magistrate Judge issued her Report on August 30, 2013, (Doc. # 69), recommending that the Court deny Plaintiff's Motions for Temporary Restraining Order, (Docs. # 3 and # 58), and Motion for Preliminary Injunction. (Doc. # 58). The Plaintiff filed Objections, (Doc. #81), that do not meaningfully rebut the Magistrate Judge's determination that Plaintiff's lack of specificity in the allegations of his Complaint fail to satisfy the test for preliminary injunctive relief outlined in <u>Real Truth About Obama, Inc. v. Fed. Election Comm'n</u>, 575 F.3d 342, 345 (4th Cir. 2009), <u>vacated on other grounds</u>, 130 S.Ct. 2371 (2010), <u>reissued in part</u>, 607 F.3d 355 (4th Cir. 2010) (reissuing the portion of the earlier opinion that articulated the standard for the issuance of preliminary injunctions). The Defendants filed a Reply to the Objection. (Doc. # 82).

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> <u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992)
>
> (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the Objections. After careful review of the Report and Objections thereto, the Court hereby **ACCEPTS** the Report. (Doc. # 69). Plaintiff's Motions for a Temporary Restraining Order and Motion for a Preliminary Injunction are thereby **DENIED**. (Docs. # 3 and # 58).

    **IT IS SO ORDERED**.

    <u>s/Mary G. Lewis</u>
    United States District Judge

November 18, 2013
Spartanburg, South Carolina