IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden, | C/A No. 0:12-1627-BHH-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| S.B. Lewis, *Associate Warden*; Frank Mursier, *Major MCI*; L. Carteledge, *Warden at McCormick Correctional Institution*; | |
| Defendants. | |

The plaintiff, Jerome McFadden ("McFadden"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 75.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), McFadden was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 76.) On November 1, 2013, the court entered a docket text order giving McFadden additional time to respond to the defendants' motion. As of the date of this Report and Recommendation, McFadden has failed to specifically respond to the defendants' motion. Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

**BACKGROUND**

McFadden filed the instant action in June 2012 alleging that while incarcerated at McCormick Correctional Institution ("MCI"), the named defendants—who were all employed at

MCI during the events alleged in McFadden's Complaint—retaliated against him for filing a prior civil action. (Compl., ECF No. 1 at 4.) Specifically, McFadden's complaint alleges that certain prison officials retaliated against him by transferring him to a facility (MCI) at which he feared for his safety, terminating him from his prison job, placing him in administrative segregation, verbally and sexually harassing him, and filing false disciplinary charges against him. (Id. at 4-8.) McFadden seeks injunctive relief and monetary damages. (Id. at 9.)

## DISCUSSION

A.      **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.



The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.     **Exhaustion of Administrative Remedies**

As an initial matter, the defendants argue that summary judgment should be granted in their favor due to McFadden's failure to exhaust his administrative remedies before filing the instant lawsuit. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S.



731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

Pursuant to South Carolina Department of Corrections policy, an inmate seeking to complain of prison conditions must first attempt to informally resolve his complaint. Next, an inmate may file a "Step 1 Grievance" with designated prison staff. If the Step 1 Grievance is denied, the inmate may appeal to the warden of his facility via a "Step 2 Grievance." Moreover, review from the South Carolina Administrative Law Court ("ALC") is generally part of the available administrative remedies an inmate must exhaust.[1] See Furtick v. S.C. Dep't of Corr., 649 S.E.2d 35, 38 (S.C. 2007) (reaffirming that "the ALC has jurisdiction over all inmate grievance appeals that have been properly

---

[1] South Carolina case law has established certain exceptions not applicable here. See Howard v. S.C. Dep't of Corr., 733 S.E.2d 211, 215-18 (S.C. 2012) (interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1-23-600(D) and holding that the ALC lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest); Travelscape, LLC v. S.C. Dep't of Rev., 705 S.E.2d 28, 38-39 & n.10 (S.C. 2011) (stating that the ALC is without jurisdiction to hear facial challenges to the constitutionality of a regulation or statute but may rule on as-applied challenges); Howard, 399 733 S.E.2d at 218 (applying the holding in Travelscape, LLC to challenges to prison policies).



filed") (citing Slezak v. S.C. Dep't of Corr., 605 S.E.2d 506 (S.C. 2004)); (see also South Carolina Department of Corrections ("SCDC") Policy § 13.9, ECF No. 75-4 at 9).

The defendants argue that, although McFadden filed numerous grievances while housed at MCI, none of his grievances alleged retaliation by the defendants or any SCDC employee. In support of their motion, the defendants provide affidavit testimony from Ann Hallman, the Branch Chief of Inmate Grievances with SCDC. (Hallman Aff., ECF No. 75-3.) Hallman avers that the only grievance that McFadden filed concerning any of the named defendants concerned McFadden's placement in the Special Management Unit. (Id. ¶ 3, ECF No. 75-3 at 2.) This grievance was returned to McFadden unprocessed as transfers are non-grievable issues. (Id.; see also ECF No. 75-3 at 12-13.)

To the extent that McFadden's examples of retaliatory conduct are viewed as individual claims, the defendants have presented evidence that even the claims that McFadden attempted to grieve were not properly exhausted. Hallman avers that McFadden filed a Step 1 grievance with regard to a disciplinary appeal for a charge of possession of a cell phone, which was denied. (Hallman Aff. ¶ 4, ECF No. 75-3 at 3; see also ECF No. 75-3 at 14-15.) McFadden appealed the denial by filing a Step 2 grievance, which was also denied. (Hallman Aff. ¶ 4, ECF No. 75-3 at 3; see also ECF No. 75-3 at 16.) According to Hallman, McFadden also filed two Step 1 grievances in which he referenced harrassment by an SCDC employee who is not a defendant in this action, one of which was returned unprocessed for not providing sufficient information and one of which was denied. (Hallman Aff. ¶ 4, ECF No. 75-3 at 3; see also ECF No. 75-3 at 17-19.) McFadden does not refute the defendants' assertion; rather, he appears to concede in his Complaint that he has not filed any grievance with regard to the claims in the instant Complaint. (ECF No. 1 at 2.) Further,



no evidence has been presented suggesting that the defendants prevented McFadden in any manner from filing grievances. Cf. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Stenhouse v. Hughes, C/A No. 8:04-23150-HMH-BHH, 2006 WL 752876, at *2 (D.S.C. Mar. 21, 2006) ("[E]xhaustion may be achieved in situations where prison officials fail to timely advance the inmate's grievance or otherwise prevent him from seeking his administrative remedies."). Therefore, the court finds that McFadden's claims have not been properly exhausted pursuant to 42 U.S.C. § 1997e(a) and should therefore be dismissed.

## RECOMMENDATION

Accordingly, the court recommends that the defendants' motion for summary judgment (ECF No. 75) be granted.

December 19, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).