UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome McFadden, #136919<br><br>             Plaintiff,<br>vs.<br><br>S.B. Lewis, Associate; Warden Frank Mursier, Major McCI; L. Carteledge, Warden at McCI McCormick Correctional Institution,<br><br>             Defendants. | Civil Action No.: 0:12-1627-BHH<br><br>**Opinion and Order** |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 113) recommending the Court grant the defendants' motion for summary judgment. For the reasons set forth below, the Court agrees with the Report, overrules the plaintiff's objections, and grant's the defendants' motion for summary judgment.

**BACKGROUND**

The plaintiff, Jerome McFadden, a state inmate proceeding *pro se* filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, who are current or former employees of McCormick Correctional Institution (MCI), retaliated against him for filing a prior complaint. The plaintiff seeks injunctive relief and monetary damages.

Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Paige J. Gossett. Magistrate Judge Gossett issued an R&R recommending that the plaintiff's complaint be summarily dismissed. (*See* ECF No. 16.) The R&R was adopted by the Honorable Mary G.

1

Lewis (ECF No. 26), and the plaintiff appealed to the Fourth Circuit. The Fourth Circuit reversed, holding that the plaintiff's allegations of retaliation stated a cognizable claim. (ECF No. 35 at 2.) The plaintiff filed several motions in the course of this litigation that have been denied in whole or in part, including a motion for a temporary restraining order (ECF No. 3), motions to appoint counsel (ECF Nos. 18 & 62), a motion for a more definite statement (ECF No. 58), and a motion for an extension of time to complete discovery (ECF No. 62). The Magistrate Judge's disposition of these motions was appealed to Judge Lewis (*see* ECF No. 91), who sustained the Magistrate Judge's holdings and denied the plaintiff's motion to reconsider in a text order. (ECF No. 95.) The plaintiff appealed this ruling to the Fourth Circuit, which rejected the appeal for lack of jurisdiction. (*See* ECF No. 109 at 2.)

On September 19, 2013, prior to the plaintiff's unsuccessful appeals to Judge Lewis and the Fourth Circuit, the defendants filed a motion for summary judgment (ECF No. 75). The motion was stayed while the plaintiff appealed to the Fourth Circuit, and on December 19, 2014, the Magistrate Judge issued a Report (ECF No. 113) recommending that the motion for summary judgment be granted because the plaintiff failed to exhaust his administrative remedies prior to filing suit. The Plaintiff filed objections to the Report on January 5, 2015. (ECF No. 115.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo*

determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

## **DISCUSSION**

Because the plaintiff has specifically objected to the Magistrate Judge's Report, the Court has conducted a *de novo* review of the Report, the record, and the relevant legal authorities. Upon review, the Court agrees with the Magistrate Judge that the plaintiff failed to exhaust his administrative remedies and that the defendants' motion

for summary judgment should be granted. The Magistrate Judge found that, while McFadden did submit grievances while at MCI, he did not do so with regard to the allegations at issue in this case. Indeed, the Magistrate Judge concluded that McFadden had "concede[d] in his Complaint that he has not filed any grievance with regard to the claims in the instant Complaint." (ECF No. 113 at 5.)[1]

As noted above, the plaintiff filed objections to the Magistrate Judge's Report, which the Court has carefully reviewed. However, the plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Most significantly, the plaintiff does not challenge the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. Rather, the plaintiff argues that he was not required to exhaust his administrative remedies because his complaint does not qualify as challenging "prison conditions" but rather alleges "individualized retaliatory conduct against an inmate." (ECF No. 115 at 5.) In support of this argument, the plaintiff cites the Second Circuit's holding in *Nussle v. Willette*, 224 F.3d 95 (2d Cir. 2000). However, as the defendants correctly point out, the Second Circuit's holding was subsequently overturned by the United States Supreme Court in *Porter v. Nussle*, 534 U.S. 516 (2002), where the Court made it abundantly clear that the requirement that prisoners exhaust their administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Id.* at 532. Accordingly, this objection is overruled.

---

[1] The Court has reviewed the plaintiff's complaint, and it appears that the plaintiff responded that he had not filed a grievance concerning the claims at issue in this matter. (*See* ECF No. 1 at 2.)

The plaintiff's remaining objections also lack merit. The plaintiff objects to the Magistrate Judge's use of the word "conclude," as if the use of the term indicates that the Magistrate Judge is usurping this Court's ultimate responsibility to render a decision in this case. That is not what is occurring, and the objection is overruled. The plaintiff also objects that the Magistrate Judge "has failed to preserve the record of all evidentiary hearings of pre-trial motions by plaintiff." The Court understands the plaintiff to be attempting to challenge the Magistrate Judge's prior rulings on the pre-trial motions, which were already appealed to and disposed of by Judge Lewis. This is not a proper objection to the Report and neither is the plaintiff's objection that the Court "abused its discretion" when Judge Lewis denied his request for an extension. Finally, the plaintiff appears to suggest that granting summary judgment would be in some way inconsistent with the Fourth Circuit's mandate in this case. The Court disagrees. Merely stating a cognizable claim is not sufficient to withstand a motion for summary judgment, and nothing in the Fourth Circuit's opinion suggests that the plaintiff is excused from the exhaustion requirements of the PLRA.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds that the plaintiff's objections are without merit. Accordingly, the objections are overruled and the Court adopts the Report and incorporates it herein. The defendants' motion for summary judgment (ECF No. 75) is hereby **GRANTED**. All other outstanding motions are **MOOT**.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

June 26, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.